IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH MICHAEL WIENEN,<br><br>Defendant. | Case No. CR12-1017<br><br>ORDER FOR PRETRIAL DETENTION |

On the 30th day of July, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa Christine Williams. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

I. RELEVANT FACTS AND PROCEEDINGS

On July 18, 2012, Defendant Kenneth Michael Wienen was charged by Indictment (docket number 2) with possession of methamphetamine with intent to distribute near a playground. At the arraignment on July 25, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 25, 2012.

At the hearing, Dubuque Police Officer Ted McClimon testified regarding the circumstances underlying the instant charge.[1] On January 25, 2012, Defendant was involved in a traffic stop. Defendant, the lone driver of the vehicle, was stopped because the police officer knew that Defendant's driver's license was revoked.[2] Defendant was searched incident to arrest, and law enforcement found drug paraphernalia and a container

---

[1] Officer McClimon is currently assigned to the Dubuque Drug Task Force.

[2] Defendant admitted to the police officer that his license was revoked.

1

holding multiple baggies of methamphetamine of varying weights on Defendant's person.[3] Law enforcement also found $870 in cash on Defendant.

According to the pretrial services report, Defendant is 43 years old. He was born and raised in Galena, Illinois. His parents and two siblings continue to reside in Galena. About 16 months ago, Defendant moved to Dubuque, Iowa. Prior to his arrest on the instant charge, for the past two weeks, Defendant lived with Daniel and Sue Pluym in Dubuque. Ms. Pluym told the pretrial services officer that Defendant could continue to reside at her home if he was released.

Defendant was married from 1999 to 2005. He has no children from that marriage. However, he has four children from three prior relationships. The children range in age from 9 months old to 19 years old. Two of the children reside with Defendant's parents, and the other two children reside with their mothers. All of the children live in Galena.

For the past 16 months, except for the 5 months that he was incarcerated, Defendant has been employed by Parker Exteriors in Dubuque. Defendant is in good physical health and reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that his alcohol consumption has never been problematic. He stated that last used marijuana 20 years ago. Defendant also stated that he began using methamphetamine in his thirties, and used it daily until he stopped using about 16 months ago. In December 2011, he completed a six-month outpatient drug treatment program.

In 1989, at age 19, while serving as a Marine in the Armed Forces, Defendant was charged and later convicted of wrongful possession/use of cocaine. In February 2001, Defendant was charged and later convicted in three separate counts of theft of movable property, possession of methamphetamine, and carrying a concealed weapon, in Lafayette County, Wisconsin. Defendant was sentenced to 6 months in jail on the possession methamphetamine count, and given 2 years probation on all three counts. In August 2001, while on probation, Defendant was charged and later convicted of possession of

---

[3] Officer McClimon testified that the packaging of the methamphetamine found in the container was consistent with drug distribution.

methamphetamine in Jo Daviess County, Illinois. He was sentenced to 180 days in jail and given 3 years probation.

On March 6, 2004, while on probation in the August 2001 methamphetamine possession case, Defendant was charged with two separate counts of possession of a controlled substance and possession of drug paraphernalia. These charges were ultimately dismissed. Following his arrest, however, on March 12, 2004, a violation of probation was filed against Defendant in the August 2001 methamphetamine possession case. On September 7, 2004, Defendant's probation was revoked and reinstated for 2 years and 24 days. His probation was discharged on November 3, 2006.

On June 15, 2007, Defendant was charged and later convicted of use of a vehicle, structure, or property to produce methamphetamine. He was sentenced to 5 years in prison. He was paroled on June 12, 2009, and discharged from parole on October 6, 2009.

On March 8, 2011, Defendant was charged with possession of drug paraphernalia. That charge remains pending in state court. On the same date, Defendant was charged and later convicted in a separate case with four separate counts of possession of methamphetamine with intent to deliver, possession of precursors with intent to manufacture, possession of ecstasy, and possession of cocaine. Defendant was sentenced to suspended jail or prison terms on all four counts. He was also given 5 years probation on two of the counts, and 2 years probation on the other two counts.

On January 25, 2012, while on probation in the March 2011 case, Defendant was charged in separate cases with possession of drug paraphernalia and a controlled substance violation. Ultimately, in April 2012, both charges were dismissed. Additionally, immediately following his arrest on the January 2012 charges, a violation of probation was filed against Defendant. On July 3, 2012, however, the violation of probation was dismissed. The instant federal charges stem from the incidents surrounding these charges.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of

the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden

5

of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of methamphetamine with intent to distribute near a playground. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The evidence against Defendant is strong. In a search incident to arrest, law enforcement found methamphetamine and drug paraphernalia on Defendant's person. As a general proposition, the distribution of drugs constitutes a general danger to the community. Defendant also has multiple convictions involving the possession, manufacture, and/or distribution of methamphetamine. Of particular concern to the Court, is Defendant's history of failing to follow the conditions of supervision and release while on probation. Thus, the Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Accordingly, the Court finds that there is no condition or combination of conditions that would assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, Defendant's criminal history, including multiple drug convictions, Defendant's history of multiple probation violations, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of

his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 25, 2012) to the filing of this Ruling (July 30, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 30th day of July, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA